Submitted on record and appellant's brief October 6, 1981,
reversed and remanded with instructions February 8, 1982

WANER,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(No. 81-AB-642, CA A21037)

640 P2d 633

Lew W. Waner, Portland, filed the brief pro se for petitioner.

Jan Peter Londahl, Assistant Attorney General, Salem, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Claimant seeks reversal of a decision of the Employment Appeals Board denying him unemployment benefits. The Board found that he was discharged for misconduct in connection with his work and was therefore ineligible for benefits. ORS 657.176(2)(a); OAR 471-30-038. Claimant contends that the Board's findings are not supported by the evidence and that the denial order is not supported by substantial evidence in the record. ORS 183.482(8)(c).

Claimant worked for employer as a hairdresser for four months from July 18, 1980, until his discharge on November 19, 1980. The employer's representative stated that during this time claimant was "a good worker" and that there was no issue about his competence or job performance. Claimant was discharged for failing to attend a scheduled employes' meeting. The bi-monthly meeting was scheduled on claimant's day off. When claimant had not shown up at the start of the meeting at 8:30 a.m., the salon manager called him at home. The manager told him about the meeting and asked him to come in. Claimant refused to attend the meeting, because it was his day off.[1] He understood that he was not compensated for the time spent at such meetings. The manager informed him that he was terminated and that he should come in and clear out his work area.

Attendance at the employe meetings was mandatory. Claimant had attended all the other scheduled meetings. It appears, however, that other employes frequently missed the meetings. One witness stated that she missed "at least a good 70." of meetings during her four years as an employe, although she stated that in the six month period prior to November, 1980, she had attended all the meetings. No other employe had been terminated for missing meetings. According to the salon manager, the standard policy in dealing with employe problems was to give four warnings before an employe would be terminated. Although claimant was reprimanded once for being tardy

---

[1] Claimant described the meetings as "unnecessary pep talks" and "a waste of time."

for one of the meetings, there was no evidence that he was warned either orally or in writing that his absence from a meeting would result in termination.

On January 6, 1981, an administrative decision was made allowing claimant benefits under ORS 657.176 and OAR 471-30-038. Employer requested a hearing. The referee affirmed the administrative decision. The Board, in a 2-1 decision, denied benefits, finding that claimant's insubordinate conduct in refusing to attend the meeting was misconduct under OAR 471-30-038 and disqualified him. In its findings of fact, the Board stated:

"(9) The claimant refused to attend that meeting because it was on his day off. (10) He was advised that if he did not appear at the meeting he would be discharged. (11) The claimant did not change his position and was terminated."

There is no evidence to support finding (10) that claimant was advised if he did not appear he would be discharged or finding (11) that claimant did not change his position after being so advised. To the contrary, the evidence indicated that claimant was not advised prior to his discharge that non-attendance would result in discharge. As the dissenting Board member stated:

"* * * The record in this case discloses that other employees were allowed to miss meetings without any disciplinary action being taken. The claimant in this case was therefore singled out for disciplinary action and should not be disqualified."

Reversed and remanded with instructions to reconsider the claim in light of this opinion.